IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raphael P. Angeles, :
: Case No. 1:22-cv-00244
Plaintiff(s) :
: District Judge Susan J. Dlott
v. :
: JOINT DISCOVERY PLAN
First Advantage Background Services Corp., :
:
:
Defendant(s) :

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on August 23, 2022.

1. **MAGISTRATE CONSENT**

The Parties:

[✔] unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

[ ] do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

[ ] unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

2. **RULE 26(A) DISCLOSURES**

[✔] There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Pretrial Conference.

[ ] The parties agree to delay the initial disclosure until _____. The purpose of delay is

   [ ] to give the Court time to rule on the pending dispositive motion.

   [ ] _____.

3. **DISCOVERY ISSUES AND DATES**

A. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial:

The parties need discovery about the facts and communications relating to Plaintiff's background report, his dispute of the report, and his alleged damages; Plaintiff's employment, litigation, and relevant medical history; First Advantage's policies and procedures. To evaluate settlement, First Advantage needs information about Plaintiff's damages, including any lost wages, and the disputed criminal record. For dispositive motions and trial, First Advantage needs to complete full discovery. To evaluate settlement, Plaintiff needs information about Defendant's policies and procedures, actions taken herein, and net worth. For dispositive motions and trial, Plaintiff needs full discovery.

B. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    ___✔___ Yes
    _____ No

(i) The parties have electronically stored information in the following formats:

The parties have electronically stored information in a variety of formats, such as .csv, .pdf, .doc, and .msg. The parties agree to produce documents in readable and searchable .pdf format where possible.

The parties agree to produce spreadsheets and recordings in native format.

(ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

None.

C.     Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    ✔ Yes

    \_\_\_ No

(i) The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:

None. The parties agree that privileged and protected materials created since counsel were retained in this action or since the action was filed do not need to be detailed on a privilege log.

Inadvertent production of privileged materials shall not constitute a waiver of privilege provided the producing party notifies the receiving party promptly upon discovery of the inadvertent production.

(ii) Have the parties agreed on a procedure to assert such claims AFTER production?

    ✔ Yes

    \_\_\_ No

    \_\_\_ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

The parties will include a clawback provision in their draft protective order to be submitted to the Court.

D. The parties recommend that discovery

☑ need not be bifurcated

☐ should be bifurcated between liability and damages

☐ should be bifurcated between factual and expert

☐ should be limited in some fashion or focused upon particular issues which relate to _____

E. Disclosure and report of plaintiff expert(s) by        May 5, 2023

F. Disclosure and report of defendant expert(s) by        June 16, 2023

G. Discovery cutoff                                       July 14, 2023

H. Anticipated discovery problems

☐ _____.

☑ None

4. **LIMITATIONS ON DISCOVERY**

A. Changes in the limitations on discovery

☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

☐ Extension of number of depositions (currently 10) permitted to _____.

☐ Extension of number of interrogatories (currently 25) to _____.

☐ Other: _____.

☑ None

B. Protective Order

✔ A protective order will likely be submitted to the Court on or before  Sept. 30, 2022  .

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016).

5. **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

✔ The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to

✔ add parties.

✔ add additional claims.

✔ add factual allegations to support original claim(s).

☐ _____.

Signatures:  Amy L. Wells            Elizabeth Callan
Attorney for Plaintiff(s)         Attorney for Defendant(s)

_____         _____
Attorney for Plaintiff(s)         Attorney for Defendant(s)

_____
Attorney for _____